IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHARLES ROBERTS and JENNA ROBERTS, husband and wife, individually and as Guardians of the Minor Child Plaintiff, N.L.R.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES of AMERICA; MERCY MEDICAL CENTER, NAMPA, an Idaho non-profit corp.,<br><br>Defendants. | Case No.  CV-09-194-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant Mercy Medical Center Nampa's Motion to Decline Supplemental Jurisdiction (Docket No. 5) and Defendant Mercy Medical Center Nampa's Motion to Dismiss Charles and Jenna Roberts' Individual Claims (Docket No. 6).  The Court heard oral argument on the motions on October 27, 2009.  The parties then submitted supplemental briefs, and the Court now issues the following decision.

**Memorandum Decision and Order - 1**

## ANALYSIS

I.      **Mercy's Motion to Dismiss Individual Claims**

Mercy Medical Center Nampa ("Mercy") asks the Court to dismiss the individual claims of Charles and Jenna Roberts based on the applicable statute of limitations. The parties agree that Idaho's two-year statute of limitations applies to these claims. Idaho Code § 5-219(4). Moreover, Plaintiffs concede that they filed their Complaint outside the two-year period. Plaintiffs contend that the statute of limitations should be equitably tolled in this case.

Idaho has no general standard for applying equitable tolling of a statute of limitations outside the context of motions seeking post-conviction relief in criminal matters. On at least one occasion in the civil context, the Idaho Supreme Court has refused to apply equity to toll the statute of limitations because a party failed to file a certificate of assumed business name. However, the court gave no indication of the standard or test used in reaching its conclusion. *Wait v. Leavell Cattle, Inc.*, 41 P.3d 220, 225 (Idaho 2001). Still, the Idaho Supreme Court has consistently stated that, in Idaho, statutes of limitation are tolled by express statutory language, not by judicial construction. *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007) (citing *Independent School Dist. of Boise City v. Callister*, 539 P.2d 987, 991 (Idaho 1975); *see also McCuskey v. Canyon County Com'rs*, 912 P.2d 100, 105

**Memorandum Decision and Order - 2**

(Idaho 1996).  In *Wilhelm*, the plaintiff asked the court to toll the statute of limitations from the time he filed a complaint against his attorney with the Idaho State Bar until after the Bar arbitration panel issued its decision.  The lower court tolled the statute of limitations, but the Idaho Supreme Court reversed, holding that there was no injunction or statute that stayed plaintiff's action or that barred him from commencing his action until the arbitration was completed.  *Id*.  The court stated that the plaintiff should have filed the lawsuit within the statute of limitations and asked the trial court to stay the case pending completion of the arbitration proceedings.  *Id*.

In this case Plaintiffs have not identified a statute which permits or requires a tolling of the statute of limitations for their claims.  Thus, as was the case in *Wilhelm,* equitable tolling under Idaho law is not available in this case.  Accordingly, the Court concludes that Plaintiffs are not entitled to equitable tolling of their individual claims, and those claims are barred by the applicable statute of limitations.  Therefore, the Court will grant Defendant's motion.

## II.   Mercy's Motion to Decline Supplemental Jurisdiction

The Court's decision to grant the motion to dismiss does not resolve this case in its entirety because the parents' individual claims against the United States, and their minor child's claims against both the United States and Mercy, remain to

**Memorandum Decision and Order - 3**

be litigated.  Moreover, the plaintiffs have filed a separate state court action against Mercy.  In that case, the parents' individual claims against Mercy are not subject to dismissal because the complaint was timely filed.  This leaves the parties with parallel proceedings – a state action in which the parents and the minor child seek damages against Mercy, and a federal court action in which the minor child seeks damages against Mercy and the United States and the parents seek damages for their individual claims against the United States.  It is against this somewhat complicated background that Mercy requests that the Court decline to exercise supplemental jurisdiction over the minor's claims against Mercy.

Pursuant to 28 U.S.C. § 1367(a), supplemental jurisdiction is constitutional if the pendent state law claim is part of the same case or controversy as the federal claim.  *Trustees of Construction Industry and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 925 (9th Cir. 2003).  Without dispute, that is the case here.  A district court may nevertheless decline jurisdiction under 28 U.S.C. § 1367(a) "if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining

**Memorandum Decision and Order - 4**

jurisdiction." *Id*. at 925 n. 1; see also 28 U.S.C. § 1367(c).

In this case, Mercy contends that there are compelling reasons why the Court should decline supplemental jurisdiction over the minor child's claims against Mercy. Compelling reasons are those reasons "that lead a court to conclude that declining jurisdiction best accommodate[s] the values of economy, convenience, fairness, and comity." *Executive Software North America, Inc. v. U.S. Dist. Court for the Dist. Of California*, 24 F.3d 1545, 1557 (9th Cir. 1994) (Internal citation and quotation omitted) (Overruled on other grounds by *California Dept. Of Water Resources v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008). However, compelling reasons are only found in unusual circumstances. *Id*. at 1558. Thus, to decline supplemental jurisdiction under 28 U.S.C. § 1367(c)(4), the Court must consider the values of economy, convenience, fairness, and comity, and articulate how the circumstances of the case are exceptional. *Id*. at 1560.

Mercy contends that compelling reasons exist because (1) the parents' decision to pursue its claims in state court compels Mercy to defend itself against similar claims in two separate forums, and (2) the exercise of supplemental jurisdiction will deprive Mercy of its right to have the claims against it decided by a jury drawn from the county in which it operates and does business.[1]  Mercy's

---

[1] Mercy also points out the following: (1) Plaintiffs chose to file parallel proceedings to preserve the Roberts' individual claims; and (2) the Roberts' individual claims have been

**Memorandum Decision and Order - 5**

argument has some merit. The cost of defending itself in two separate proceedings may be burdensome to Mercy. Also, Mercy does have an interest in having its case heard by a local jury – although that interest does not have the constitutional significance suggested by Mercy.

However, the decision whether to decline supplemental jurisdiction cannot be based solely upon Mercy's concerns. Rather, as explained above, the Court is required to assess broader considerations of economy, convenience, fairness, and comity. To adequately consider those factors, the Court must evaluate the effect on all parties if the Court grants Mercy's motion and the effect on all parties if the Court denies the motion.

On the one hand, granting Mercy's motion will require the plaintiffs to pursue two separate proceedings. A decision in one of those proceedings would not have a preclusive effect on the other, resulting in potentially inconsistent verdicts. This is so because the defendants in the federal action would not be part of the state action and the defendants in the state action would not be part of the federal action. This poses a problem of judicial economy. It also poses a significant risk of unfairness to the plaintiffs because under Idaho law, a court is required to place on the verdict form a question which permits the jury to apportion

---

dismissed in this proceeding. However, this appears to be a restatement of the procedural posture of this proceeding rather than a reason to decline supplemental jurisdiction.

**Memorandum Decision and Order - 6**

fault among all possible tortfeasors who contributed to the plaintiffs' injury, whether or not they are parties to the case.  *See* Idaho Code § 6-802; *Jones v. Crawforth*, 205 P.3d 660, 667 (Idaho 2009);  *Pocatello Indus. Park Co. v. Steel West, Inc.*, 621 P.2d 399 (Idaho 1980).  Thus, the plaintiffs would be put in the unenviable position of not only pursuing their claims against the named defendant in each action, but also trying to prevent that defendant from shifting responsibility to the other alleged and absent tortfeasor.  Specifically, in the state action the plaintiffs will be required to establish Mercy's liability and defend against Mercy's likely argument that the minor child's injuries were caused by the negligence of the federal defendants.  The plaintiffs would encounter the same problem in the federal action, but in reverse.

On the other hand, if the Court denies Mercy's motion, two parallel cases would proceed and Mercy would be required to defend itself in both actions.  However, that burden could be minimized by the parties stipulation to joint discovery in the two proceedings.  Also, as suggested by the Court during oral argument, because Mercy and the federal defendants would both be defendants in the federal proceeding, a decision in that case may have a preclusive effect in the state proceeding, permitting a single trial to resolve all common issues of liability and causation.  This would leave only the issues of causation and damages on the

**Memorandum Decision and Order - 7**

parents' individual claims to be resolved in the state proceeding.[2]  Such a result appears to better reconcile the competing considerations of economy, convenience, fairness, and comity.

Of course, this alternative depends upon two assumptions: first, that the state action be stayed until the federal action is resolved; and second, that a decision in the federal proceeding would, in fact, have preclusive effect in the state action. The first assumption can be quickly resolved by the plaintiffs' agreement to stay the state action.  With respect to the second assumption, the Court has invited supplemental briefing by the parties.

Thus, the Court has determined that the values of economy, convenience, fairness, and comity will not support declining supplemental jurisdiction over the additional claims if the liability and causation findings in the federal matter will have a preclusive effect on the state claims.  Therefore, the Court will consider the preclusive effect of a judgment in the federal action as addressed by the parties in their supplemental briefs.

Both parties agree that five factors are required in order for issue preclusion to bar relitigation of an issue determined in a prior proceeding:

---

[2] The federal trial would resolve issues of causation related to the injuries suffered by Roberts' minor child, but would not resolve the issue of causation related to the Robert's independent claim that they incurred their own loss resulting from the injuries suffered by their child.   That latter issue of causation would need to be resolved in the state court proceeding.

**Memorandum Decision and Order - 8**

> (1) the party against whom the earlier decision was asserted had a full and fair opportunity to litigate the issue decided in the earlier case; (2) the issue decided in the prior litigation was identical to the issue presented in the present action; (3) the issue sought to be precluded was actually decided in the prior litigation; (4) there was a final judgment on the merits in the prior litigation; and (5) the party against whom the issue is asserted was a party or in privity with a party to the litigation.

*Ticor Title Co. V. Stanion*, 157 P.3d 613, 618 (Idaho 2007). The Court concludes that these five factors are present in the situation at hand if the Court exercises supplemental jurisdiction.

First, Mercy and all plaintiffs would be a party to both actions. This is so because the parents and the minor child would be considered in privity with each other since the parents' claims are derivative of the child's claims. *See e.g., Bureau of Child Support v. Knowles*, 919 P.2d 1036, 1039 (Idaho Ct. App. 1996) (Where the parties in the first and second action are not the same, the doctrines of res judicata and collateral estoppel apply if they are in privity with each other, which may be established by showing that the second party who was not a party to the first action derives its interest from one who was a party to the first action). Accordingly, elements one and five would be met if the Court exercises supplemental jurisdiction.[3]

---

[3] Obviously the Court is taking up the issue of preclusion only as it affects the Court's decision whether to decline supplemental jurisdiction. As such, the Court is not in a position to

**Memorandum Decision and Order - 9**

Elements two and three would also be met because the actual liability issue decided in the federal litigation would be the same as the liability issue presented in the state action – to wit, whether Mercy was negligent in the treatment provided to Jenna Roberts and the child, and the extent to which that negligence contributed to the injuries suffered by the plaintiffs.

Finally, element four would also be met if the Court exercises supplemental jurisdiction. Mercy contends that element four would not be met because a judgment is not final until an appeal is resolved or the time for filing an appeal has passed without action. Mercy therefore contends that the state matter would need to be stayed for a long period of time, prejudicing Mercy's right to have the matter timely decided.

Mercy's argument is unpersuasive. First and foremost, notwithstanding a potential delay, the requirement that there be a final judgment on the merits in the prior litigation will nevertheless be met. Moreover, even if the state matter is stayed for an extended period of time, considerations of judicial economy, convenience, fairness, and comity still weigh in favor of exercising supplemental

---

actually resolve the issue at this time. However, to resolve any uncertainty in this regard, the Court will require that the Roberts stipulate that a decision in the federal court proceeding will have preclusive effect as to liability and causation on their individual claims in the state proceeding. Counsel for the plaintiffs must, within ten days of the issuance of this decision, agree to such a stipulation or the Court will reconsider this decision.

**Memorandum Decision and Order - 10**

jurisdiction. By exercising supplemental jurisdiction, all of the minor child's claims against both the United States and Mercy, as well as the parents' claims against the United States, will be tried in federal court. Thus, each party will have an opportunity to participate in the federal matter. Once it is resolved, the parents can then proceed with their claim in the state matter, without having to duplicate the discovery, motion practice and liability and causation issues addressed in the federal matter. This is a much more economic, convenient and fair means of addressing the claims than being forced to address the same liability and causation phases in both the federal and state courts, which would be the case if the Court declines supplemental jurisdiction. Again, this of course assumes that the plaintiffs will agree to stay the state matter as suggested by counsel at oral argument, and agree that any decision in the federal action will have a preclusive effect as to liability on their individual claims in state court. If Plaintiffs do not agree, the Court will reconsider its decision.

    For the above reasons, the Court finds that Defendant has not met its high burden of showing a compelling reason why the Court should not exercise supplemental jurisdiction over the plaintiffs' claims against Mercy. 28 U.S.C. § 1367(c)(4). Accordingly, the Court will exercise supplemental jurisdiction and deny Defendant's motion.

**Memorandum Decision and Order - 11**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant Mercy Medical Center Nampa's Motion to Decline Supplemental Jurisdiction (Docket No. 5) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that Defendant Mercy Medical Center Nampa's Motion to Dismiss Charles and Jenna Roberts' Individual Claims (Docket No. 6) shall be, and the same is hereby GRANTED.

DATED: **December 1, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge