Eric Rossman, ISB # 4573
Erica S. Phillips, ISB #6009
Chad M. Nicholson, ISB #7506
ROSSMAN LAW GROUP, PLLC
737 N. 7th Street
Boise, Idaho 83702
Telephone: (208) 331-2030
Facsimile: (208) 342-2170

Attorneys for Plaintiffs

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHARLES ROBERTS and JENNA ROBERTS, husband and wife, individually, and as the Guardians of the Minor Child Plaintiff, N.L.R.<br><br>Plaintiffs,<br><br>-vs-<br><br>UNITED STATES OF AMERICA; and MERCY MEDICAL CENTER, NAMPA, an Idaho non-profit corporation,<br><br>Defendants. | **CASE NO. 09 CV 00194-REB**<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE OR, ALTERNATIVELY, MOTION FOR EXTENSION OF TIME** |

COME NOW, the above-named Plaintiffs, by and through their counsel of record, the law firm of ROSSMAN LAW GROUP, PLLC, and hereby submit this Memorandum in Support of Motion to Strike or, alternatively, Motion for Extension of Time.

## I. INTRODUCTION AND PROCEDURAL BACKGROUND

This case arises from the negligence of the Defendants in regards to the birth of the minor child, N.L.R., resulting in severe injuries to the child. On September 7, 2010, Defendant United States of America ("USA") filed a Motion for Physical Examination of Plaintiff N.L.R. On or about September 9, 2010, counsel for Plaintiffs sent an e-mail to counsel for USA regarding the request for physical examination and agreeing to such examination under certain conditions. *See* Affidavit of Eric S. Rossman, ¶ 2, filed September 23, 2010 ("Rossman Affidavit") (Docket No. 41). Because the parties were unable to fully resolve the conflict regarding the physical examination, the parties scheduled a conference with the Court's law clerk to attempt to resolve the issue. *See* Rossman Affidavit, ¶ 3. At the conclusion of that conference, it was Plaintiffs' counsel's understanding that all issues had been resolved except for the question of whether a blood test was an appropriate part of the physical examination. *See* Rossman Affidavit, ¶ 4. A date for filing of Plaintiffs' opposition to USA's motion was then set for September 23, 2010. *See* Rossman Affidavit, ¶ 5. Subsequent to that telephone conference, USA filed a second affidavit of Dr. Glass asserting that he should be allowed to question the parents of N.L.R. during the examination and further asserting that further neuropsychology testing would be required based upon Dr. Glass's evaluation.

On September 23, 2010, Plaintiffs submitted their Memorandum in Opposition to Defendant USA's Motion for Physical Examination of Plaintiff N.L.R. Plaintiffs further filed the Affidavit of David M. Coulter, M.D. and Eric S. Rossman in support of that opposition. On September 24, 2010, Defendants filed a Reply Memorandum as well as the Third Declaration of Stephen T. Glass, M.D. (Docket No. 42-4) and the Declaration of Patrick Barnes, M.D. (Docket No. 42-1). Plaintiffs now respectfully request that the Court strike the Third Declaration of Dr. Glass as

well as the Declaration of Dr. Barnes because they were submitted with USA's reply memorandum and, therefore, Plaintiffs do not have the opportunity to address these Declarations prior to the hearing which is currently set for 10:00am on September 28, 2010.

## II. ARGUMENT

Federal Rule of Civil Procedure 6(c)(2) provides that any affidavits supporting a motion filed in federal courts must be served with the motion. Similarly, Local District Rule 7.1(b) requires that a moving party serve and file any supporting affidavits with the motion. Lastly, Local District Rule 7.1(b)(3) provides that a moving party may submit a reply brief in support of its motion but makes no provision for the filing of additional affidavits on reply. As has been stated by the district court in a prior case, a party "may not be allowed to achieve any evidentiary advantage by waiting until after Plaintiffs' response to file her affidavit." *See Smith v. Lab. Corp. of Am., Inc.*, Case No. CV09-284-E-EJL, 2009 U.S. Dist. LEXIS 107833 at *9 (D. Idaho, November 17, 2009) (recognizing the principle embodied in Rule 6 of the Federal Rules of Civil Procedure and Local Rule 7.1(b)(2) and striking an affidavit filed on reply where there was no justification for waiting to file the affidavit until the reply brief).

As was set forth within Plaintiffs' Memorandum in Opposition, it is USA's burden to establish good cause for the physical examination. Plaintiffs addressed the issues raised in USA's motion and obtained affidavits in response to the assertions made in that motion and supporting affidavits. Plaintiffs are substantially prejudiced when USA then submits further declarations without providing Plaintiffs a reasonable opportunity to have Plaintiffs' experts review those affidavits to allow Plaintiffs to address the medical opinions set forth within those declarations, particularly given the shortened time frame set forth by the Court for this motion. Lastly, it should be noted that neither Dr. Glass nor Dr. Barnes are N.L.R.'s treating physicians. Rather, they are

defense retained expert witnesses. As such, they are not in a position to provide treatment recommendations for N.L.R. as Dr. Glass repeatedly attempts to do. Particularly when N.L.R.'s actual treating physicians have not developed any differential diagnoses of thrombophilia or requested that thrombophilia testing be performed. As such, Plaintiffs respectfully request that the Court strike the Third Declaration of Dr. Glass and the Declaration of Dr. Barnes.

Alternatively, Plaintiffs request that the hearing on this motion be vacated and additional time be granted to allow Plaintiffs to consult with their medical experts regarding the opinions offered by Dr. Glass and Dr. Barnes. USA is seeking to do an invasive blood draw on a small child who has already endured significant difficulties in her life. If the Court is going to consider the declarations filed by USA with the reply memorandum, the Court should also have the benefit of all necessary information from Plaintiffs' experts to determine whether the good cause standard has been met.

## III. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court strike the Third Declaration of Stephen T. Glass, M.D. and the Declaration of Patrick B. Barnes, M.D. Alternatively, Plaintiffs request an extension of time to allow Plaintiffs to have the Declarations reviewed by Plaintiffs' medical experts and to allow those experts to provide additional opinions to the Court.

DATED this 27th day of September, 2010.

ROSSMAN LAW GROUP, PLLC

By Erica S. Phillips
for Eric S. Rossman
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of September, 2010, I caused to be served a true and correct copy of the foregoing document by the method indicated below to the following:

| | |
|---|---|
| David R. Lombardi<br>J. Will Varin<br>GIVENS PURSLEY LLP<br>Post Office Box 2720<br>Boise, ID 83701 | ____ US Mail<br>____ Overnight Mail<br>_✓_ Electronic Copy<br>____ Hand Delivery<br>____ Facsimile No. 388-1300 |
| Robert C. Grisham<br>Assistant United States Attorney<br>U.S. Attorney's Office<br>Washington Group Plaza IV<br>800 Park Blvd., Suite 600<br>Boise, ID 83712-9903 | ____ US Mail<br>____ Overnight Mail<br>_✓_ Electronic Copy<br>____ Hand Delivery<br>____ Facsimile No. 334-1414 |
| Rupert Mitsch<br>Senior Trial Attorney<br>Tort Branch, Civil Division<br>U.S Department of Justice<br>P.O. Box 888, Benjamin Franklin Station<br>Washington, D.C. 20044 | ____ US Mail<br>____ Overnight Mail<br>_✓_ Electronic Copy<br>____ Hand Delivery<br>____ Facsimile No. 202-616-5200 |

for Erica S. Phillips

Eric S. Rossman

\\Fileserver\documents\Work\R\Roberts, Charles\Pleadings\MemoSuppMotionStrike.doc